## T. W. GRISSOM v. HEAVY DUTY HAULERS, INC.

(Filed 19 May, 1965.)

**1. Evidence § 27—**

Where a written lease of equipment agreement between carriers has blanks for the date and hour of delivery of equipment to the lessee and a place for the lessee to sign as evidence of delivery, and such blanks are not filled in, the lessee's testimony that he had not leased the truck on the occasion in question does not come under the prohibition of the parol evidence rule, since the writing itself was not to be effective until the blanks had been appropriately filled in.

**2. Carriers § 6— Evidence held for jury on question of whether lessor or lessee carrier was operating vehicle at time in question.**

Where an interstate carrier has arrangements for the lease of equipment to an intrastate carrier, but it is admitted by the parties that on the occasion in question the interstate carrier collected the entire shipping charges for an intrastate carriage from the shipper, and the intrastate carrier testifies that when he arrived at the point of origin of the shipment it had been loaded on the interstate carrier's vehicle, which was in charge of the interstate carrier's own driver, and it appears that the written lease agreement for the interstate carrier's vehicle had not been filled out and signed by the intrastate carrier, the evidence is sufficient to support the jury's finding that the intrastate carrier had not leased the equipment on the occasion in question, and therefore could not be held liable by the interstate carrier for the penalty assessed by the State for overloading.

APPEAL by defendant from *Hubbard, J.,* September, 1964 Assigned Session, WAKE Superior Court.

The plaintiff, a duly licensed intrastate carrier of freight by truck, instituted this civil action against the defendant, a duly licensed interstate carrier of freight by truck, to recover $457.60, of which $154.25 was due as commissions for soliciting interstate freight as defendant's agent and the remaining $232.35 due for transporting for the defendant part of a shipment for Dickerson, Inc., from Benson, North Carolina, to Madison, North Carolina.

By answer, the defendant admitted it owed $69.00 on the solicitation account. As a further defense and counterclaim, the defendant alleged the parties executed a written agreement by which the defendant leased to the plaintiff a heavy duty Mack truck and driver. The defendant further alleged that it delivered to the plaintiff the heavy duty truck

and driver to use in transporting a crane from Benson, North Carolina, to Madison, North Carolina; that the plaintiff overloaded the truck and the State of North Carolina impounded it and assessed a penalty of $1,567.00 for the overload; that as a result of the loss of the use of the truck and expenses in connection with having it released, the defendant had suffered a loss of $900 in addition to the penalty. The defendant demanded judgment for $2,467.00 and costs.

At the conclusion of the evidence the court submitted a number of issues, of which the three here copied are material. The jury answered the issues as here indicated:

"1. What amount is the plaintiff entitled to under his contract to solicit business for the defendant in interstate transportation?

Answer: $155.25.

"2. Was the tractor and trailer of Heavy Duty Haulers, Inc., being operated by Mr. Grissom under lease when it was overloaded with a portion of the crane as alleged in the answer?

Answer: No.

"5. What amount, if any, is the plaintiff entitled to recover of the defendant for the transportation of the portions of the property from Benson and from Apex to Madison?

Answer: $302.35."

From the judgment in favor of the plaintiff for $457.60, the defendant appealed.

*Vaughan S. Winborne, for plaintiff appellee.*
*Bailey, Dixon & Wooten by Wright T. Dixon, Jr., for defendant appellant.*

HIGGINS, J. The plaintiff held authority from the North Carolina Utilities Commission to carry freight by truck wholly within the State of North Carolina. The defendant had authority from the Interstate Commerce Commission to carry freight in interstate commerce. The plaintiff was not authorized to receive or carry interstate shipments. The defendant was without authority to receive or carry intrastate shipments.

The parties, however, entered into an undated written arrangement entitled, "30 Day or more TRIP LEASE and Inter-change of Vehicles by Motor Carriers," by which Heavy Duty Haulers, Inc., agreed to lease to Grissom a 1953 Mack heavy duty truck. Attached to and. as a part of the writing was a blank receipt to be signed by the lessee giving the day and hour the truck was delivered. It is obvious the truck and

GRISSOM *v.* HAULERS, INC.

driver would be available to the plaintiff when needed, in which event the day and hour of delivery was to be entered on the receipt and signed by the plaintiff. The plaintiff denied he received or operated the truck in hauling the Dickerson shipment. The unsigned receipt supports his contention.

In this case Dickerson, Inc., the shipper, made arrangements with the defendant to haul its heavy crane and other equipment from Benson to Madison. After making all the arrangements with the shipper, the defendant called the plaintiff to assist in the operation. When the plaintiff, in obedience to the call, arrived in Benson with his light truck, the defendant had already loaded on its Mack truck the heavy duty crane which it dispatched in charge of its own driver to Madison. The plaintiff, however, at the direction of the defendant, loaded his truck and transported a part of the Dickerson shipment from Benson to Madison.

During the progress of the trial the parties stipulated that Dickerson, Inc., the shipper, paid the defendant, Heavy Duty Haulers, Inc., for the entire shipment. The defendant strenuously contends that the plaintiff's evidence that it did not lease the equipment is an attempt to vary the instrument by parol evidence. However, such is by no means the case for the simple reason that the writing itself required that the date and hour of delivery of the truck to the lessee be entered as a part of the writing to be signed by the plaintiff as evidence of delivery. The controversy, therefore, presented a clear-cut question whether the plaintiff obtained possession or control of the Mack truck. The jury's finding in the negative is amply supported by the evidence. Hence the plaintiff in no sense can be held responsible for overloading the truck. By way of explaining the foundation for the controversy, it may be noted that the plaintiff for his own truck had a special permit to overload. The defendant did not have such permit. The defendant has failed to establish its counterclaim.

The plaintiff offered evidence of the amount of interstate business he had solicited and obtained for the defendant and that he was due as commissions thereon the sum of $155.25. This item is not now challenged by the defendant. In addition, the plaintiff offered evidence that he is due $302.35 for that part of the Dickerson, Inc., shipment which he carried from Benson to Madison on his own truck. The parties stipulated that the defendant collected in full from Dickerson. Hence the plaintiff is entitled to recover on this item $302.35 as found by the jury. These two items make up the total award of the jury and sustain the judgment.

No error.